IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - LN
November 25, 2020 12:34 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod /          SCANNED BY 60 / 11/25

YVONNE BLACK,

    *Plaintiff,*

v.

ROBERT GORDON in his
official capacity as Director of
Michigan Department of Health
and Human Services,

    *Defendants.*
_____/

1:20-cv-01143
Paul L. Maloney,
United States District Judge

## MOTION FOR IMMEDIATE DECLARATORY JUDGMENT

NOW COMES PLAINTIFF, Yvonne Black in *In Pro Per* in support of this Motion for Emergency Declaratory Judgment against Defendant Robert Gordon and states the following:

1. This Court has subject matter under 28 U.S.C. 1331 which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. The jurisdiction of the Court to grant declaratory relief is conferred by 28 U.S.C. 2201 and 2202 and by Rule 57, Fed. R. Civ. P.

3. This Court has jurisdiction over the related Michigan constitutional claims and state-law claims under 28 U.S.C. 1367.

1

4. "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." Article I § 13 Mich Const.

5. Venue is proper because the office of the Director of the Michigan Department of Health and Human Services is located in Lansing, Michigan.

6. Yvonne Black, is a United States Citizen, resident of the Township of Marion, County of Livingston, in the State of Michigan.

7. Yvonne Black is entitled to declaratory relief. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding.

8. The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936)

9. The existence of an "actual controversy" is a condition precedent to invocation of declaratory relief. In general, "actual controversy" exists where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights. Updegraff v Attorney General, 298 Mich 48, 52; 298 NW 400 (1941); *589 Flint v Consumers Power Co, 290 Mich 305, 309-310; 287 NW 475 (1939); see, also, Welfare Employees Union v Civil Service Comm, 28 Mich App 343, 350-351; 184 NW2d 247 (1970).

10. This requirement of an "actual controversy" prevents a court from deciding hypothetical issues. However, a court is not precluded from reaching issues before actual injuries or losses have occurred. Merkel v Long, 368 Mich 1, 11-14; 117 NW2d 130 (1962). Also, before affirmative declaratory relief can be granted, it is essential that a plaintiff, at a minimum, pleads facts entitling him to the judgment he seeks and proves each fact alleged, i.e., a plaintiff must allege and prove an actual justiciable controversy. See Kuhn v East Detroit, 50 Mich App 502;

213 NW2d 599 (1973).

11.   The declaratory judgment rule was intended and has been liberally construed to provide a broad, flexible remedy with a view to making the courts more accessible to the people. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Comment, p 683; Comm'r of Revenue v Grand Trunk W R Co, 326 Mich 371, 375; 40 NW2d 188 (1949).

12.   In support of this motion, Yvonne Black relies on the the facts, constitution, law, and argument contained in the accompanying brief and states that:

A.   the November 15, 2020 Emergency Order under MCL 333.2253 – Gatherings and Face Mask Order is improper and invalid as described in the accompanying brief.

B.   MCL § 333.2253 is improper and invalid by delegating legislative power to the executive branch as described in the accompanying brief.

C.   the Defendant's interpretation of MCL § 333.2221 is improper and invalid as described in the accompanying brief.

D   the Defendant's interpretation of MCL § 333.2226 is improper and invalid as described in the accompanying brief.

E.   the Defendant's interpretation of MCL § 333.2261 as it pertains to this order is improper and invalid as described in the accompanying brief.

F.   the defendant's interpretation of MCL § 333.2262(1) as it pertains to this order is improper and invalid as described in the accompanying brief.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant her motion for immediate declaratory relief and any further relief as is equitable and just.

Respectfully Submitted,

Dated: November 25, 2020

Yvonne Black *In Pro Per*
3985 Cedar Lake Road
Howell, Michigan 48843
517.294.1837

*/s/ Y. Black*

4